UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

IONICA PLC,

      Debtor

Chapter 11

Case No. 98 B 48860 (SMB)

**AFFIDAVIT OF DAVID C.L. FRAUMAN IN SUPPORT OF
APPLICATION FOR ORDER PURSUANT TO SECTION 327(a)
OF THE BANKRUPTCY CODE AUTHORIZING THE
RETENTION AND EMPLOYMENT OF CADWALADER,
WICKERSHAM & TAFT AS ATTORNEYS FOR THE
DEBTOR AND DEBTOR IN POSSESSION AND STATEMENT
PURSUANT TO BANKRUPTCY CODE SECTIONS 329 AND
504 AND BANKRUPTCY RULES 2014(A) AND 2016**

STATE OF NEW YORK   )
                               :   s.s.:
COUNTY OF NEW YORK  )

        DAVID C.L. FRAUMAN, being duly sworn, deposes and says:

        1.     I am an attorney at law admitted to practice in, among other places, the State of New York and the United States District Court for the Southern District of New York. I am a member of the law firm of Cadwalader, Wickersham & Taft ("Cadwalader"), which has offices at 100 Maiden Lane, New York, New York 10038.

        2.     This affidavit is submitted (i) in support of the application (the "Application") of Ionica plc, the above-captioned debtor and debtor in possession ("Ionica" or the "Debtor"), for the entry of an order pursuant to section 327(a) of the Bankruptcy Code, 11 *et seq.* (the "Bankruptcy Code"), authorizing the retention and employment of Cadwalader as attorneys for the Debtor, and (ii) to make certain disclosures required under

section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The facts set forth herein are based either upon my personal knowledge or upon client/matter records of Cadwalader reviewed by me or by an associate of Cadwalader under my supervision and direction.

## QUALIFICATION OF CADWALADER

3. Cadwalader maintains its principal office at 100 Maiden Lane, New York, New York 10038. Cadwalader also has offices in Washington, D.C., North Carolina and the United Kingdom. Cadwalader currently employs approximately 395 lawyers and its client base includes many large and small public and private corporations, government entities, banks, insurance companies, investment banking firms, partnerships, non-profit organizations, estates, trusts and individuals. Cadwalader has expertise in almost every field of law, including bankruptcy, corporate reorganizations and debtor/creditor matters.

## SERVICES TO BE RENDERED

4. If retained, Cadwalader will render the following services on the Debtor's behalf:

a) take all necessary actions to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

b) prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and prosecution of the Debtor's chapter 11 case;

c) assist the Debtor in the formulation and negotiation of a plan of reorganization and all related transactions; and

d) perform all other necessary legal services in connection with this chapter 11 case.

Cadwalader is willing to serve as the Debtor's attorneys and to render the foregoing services upon the terms and conditions set forth herein.

## DISINTERESTEDNESS

5. In connection with the preparation of this Affidavit, I have either reviewed or caused to be reviewed computer-generated conflicts reports for the following individuals and entities identified to me by the Debtor or its advisors: (a) the Debtor, its parent company, Ionica Group plc, and Ionica's sole subsidiary, Ionica International Ltd.; (b) past and present directors and senior management of the Debtor, each as identified in Ionica's Form 20-F for the fiscal year ending March 31, 1998; (c) the Debtor's top twenty unsecured creditors; (d) the Debtor's secured creditors; (e) the Debtor's professional financial advisors; (f) Ionica's Joint Administrators appointed by the High Court of England and Wales; and (g) certain known holders of the Notes (as defined in the Application).

6. The Debtor retained Cadwalader on or about November 6, 1998, before the filing of this chapter 11 case to prepare for and commence a chapter 11 case.

7. Insofar as I have been able to ascertain, neither Cadwalader nor any member or associate thereof, including myself, has any connection with the Debtor or its affiliates, the Debtor's creditors, or any other party in interest, or their respective attorneys and accountants, except as otherwise set forth in this Affidavit. Moreover, I believe that Cadwalader and its members and associates are "disinterested" within the meaning of section 101(14) of the Bankruptcy Code, and do not hold or represent any interests that are adverse to the Debtor's estate.

8. Attached as schedule "1" to this affidavit is a list of creditors, interest holders and/or other parties in interest that Cadwalader has represented in the past in matters unrelated to this chapter 11 case.

9. In addition, as described in the Application, an informal committee of noteholders was established in or around August 1998 for the purposes of considering a proposed restructuring of the Debtor. This committee originally consisted of Alliance Capital, Franklin Mutual Advisors, Inc., ING Barings (U.S.) Capital Corp., Paribas and Moore Capital. The constitution of this informal committee changed immediately preceding the filing of the petition and is now comprised of the following institutions: Credit Suisse First Boston, ING Barings, Paribas and Parabola Partners. This informal committee was represented by Cadwalader. This representation has since been terminated. The members of the informal committee have consented to Cadwalader's representation of the Debtor.

10. Cadwalader is "disinterested" within the meaning of section 101(14) of the Bankruptcy Code. Cadwalader will not pursue any interests on behalf of any of the entities or individuals listed in on Schedule "1" attached hereto which are materially adverse to the Debtor and its estate. Thus, to the best of my knowledge, information and belief, Cadwalader is "disinterested" and neither Cadwalader nor any member or associate thereof, including myself, insofar as I have been able to ascertain, represents any materially adverse interest to the Debtor or its estate in the matters upon which Cadwalader is to be employed. To the extent that Cadwalader discovers any facts bearing on matters described herein or its representation of the Debtor during the period of its employment, Cadwalader will supplement the information contained in this affidavit.

11. To the best of my knowledge, information and belief, Cadwalader is not a creditor, an equity security holder, or an insider of the Debtor. Cadwalader is not and was not an investment banker for any outstanding security of the Debtor. Cadwalader has not been, within three years before the date of the filing of the petition, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor. Cadwalader is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor or of an investment banker specified above. Cadwalader does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified above, or for any other reason.

12. The foregoing statements constitute a summary of connections between Cadwalader and any possible party in interest as required by Rule 2014(a) of the Bankruptcy Rules.

## PROFESSIONAL COMPENSATION

13. Cadwalader intends to apply for compensation for professional services rendered in connection with this chapter 11 case, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules or any other order of this Court.

14. Cadwalader will charge the Debtor its customary hourly rates for services performed in this case. At present Cadwalader's hourly rates are for partners from $295 to $550, for associates from $159 to $ 352, and for legal assistants, from $75 to $171. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

These rates are set at a level designed to fairly compensate Cadwalader for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for nonlegal personnel who also record time spent working on matters for particular clients, including word processing, clerical, library, proofreading and secretarial staff. It is Cadwalader's policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. Cadwalader will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients.

15. Cadwalader has not received any promises as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and except as set forth herein. Certain noteholders have agreed to fund the expenses of Ionica's Chapter 11 case, including without limitation the fees and expenses of Cadwalader. Cadwalader has no agreement with any other entity to share with such entity any compensation received by Cadwalader except as permitted under section 504(b)(1) of the Bankruptcy Code.

16. The foregoing constitutes the statement of Cadwalader pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

_____
DAVID C.L. FRAUMAN

Subscribed and sworn before me
this ____ day of December, 1998

_____
NOTARY PUBLIC

# SCHEDULE 1

Alliance Capital
Franklin Mutual Advisors, Inc.
Paribas
Credit Suisse First Boston
The Chase Manhattan Bank
Donaldson, Lufkin & Jenrette
Marine Midland Bank
Arthur Andersen & Co.
Societe Generale
Ernst & Young
ING Barings (US) Capital Corp.
PricewaterhouseCoopers
Warburg Dillon Read